UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ROZANA RASTEGAR and BAKHTYAR              *        CIVIL ACTION
RASTEGAR


versus                                    *        NO. 07-2969


STATE FARM FIRE AND CASUALTY COMPANY,     *        SECTION "F"
DONALD JOSEPH BELSOME, and ABC
INSURANCE COMPANY


ORDER AND REASONS

        Before the Court is plaintiffs' motion to remand.  For
the reasons that follow, the motion is DENIED.

Background

        The plaintiff purchased flood insurance through an agent,
Donald Joseph Belsome to insure their home and contents in New
Orleans, Louisiana.  The policy was issued by State Farm Fire and
Casualty Company, a participant in the Write-Your-Own (WYO) policy
program of the National Flood Insurance Program (NFIP) operated by
FEMA.  In 2005, the plaintiffs made home improvements and allegedly
requested increases in the existing policy limits to provide full
coverage for the value of the home with the improvements.  Later in
the year, the plaintiffs' home was damaged by Hurricane Katrina.
The plaintiffs filed claims under the flood policy, and were paid
an amount under the policy.  The plaintiffs claim that they were

1

surprised to find out at that time that their flood policy coverages amounted to $93,400 for their home and $21,300 for contents. They allege that they requested "full coverage" for their home, both at the initial purchase of the policy and, particularly, after they made renovations to the property. The plaintiffs allege that their agent, Belsome, had represented to them that they did, indeed, have "full coverage."

The plaintiffs sued Belsome and State Farm in state court in August 2006. They alleged that Belsome was negligent in failing to "fully and fairly inform plaintiffs of their coverage options," misrepresenting the "scope and nature of the State Farm policy," and failing to "assist[] in connection with the handling of plaintiffs' claims." The plaintiffs contend that State Farm was negligent in claims-handling and they demand bad-faith penalties allowed under state law. State Farm removed the case to this Court in May 2007, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP, and also this Court's original diversity jurisdiction, arguing that the in-state insurance agent had been improperly joined. The plaintiffs now move to remand, arguing that no federal question exists because the case is one concerning the procurement of a NFIP flood policy, which falls outside the scope of federal preemption and that their claims against their agent are valid, thereby destroying diversity

jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This Court cannot qualify this case as one that falls outside the scope of federal preemption.  The policy existed for years, making this a policy administration claim.  See Newman v.

Allstate, 2006 WL 2632116 (E.D. La. Sept. 12, 2006).  Because all
defendants are implicated in the plaintiff's allegations of bad
faith claims-handling as well as the failure to adjust the existing
policy limits upon request in June 2005, it is clear that federal
funds are ultimately at risk.  Therefore, this Court has original
jurisdiction for resolving claims under the NFIP, as granted by
Congress.[1]

       Accordingly, the plaintiffs' motion to remand is DENIED.


       New Orleans, Louisiana, August 21, 2007.


       MARTIN L. C. FELDMAN
       UNITED STATES DISTRICT JUDGE

---

    [1]    Because this Court finds federal question
jurisdiction, it is unnecessary to examine the foundation for
diversity jurisdiction.